In re Latonya Sharise
BROWN, Debtor.

DaimlerChrysler Financial Services Americas, LLC, Successor by merger to DaimlerChrysler Services, N.A. LLC, Movant.

v.

Latonya Sharise Brown, Debtor and M. Elaina Massey, Chapter 13 Trustee, Respondents.

In re James Edward Leggett, Jr., Debtor.

General Motors Acceptance Corp., Movant.

v.

James Edward Leggett, Jr., Debtor and M. Elaina Massey, Chapter 13 Trustee, Respondents.

In re Robert Clinton Poarch, Debtor.

Nuvell Financial Services Corp., As servicer for National Auto Finance Company, Inc., Movant,

v.

Robert Clinton Poarch, Debtor and M. Elaina Massey, Chapter 13 Trustee, Respondents.

Nos. 05–21764, 05–21788, 05–21821.

United States Bankruptcy Court, S.D. Georgia, Brunswick Division.

March 27, 2006.

William S. Orange, III, Brunswick, GA, R. Flay Cabiness, III, Hazlehurst, GA, for Debtor.

### ORDER

JOHN S. DALIS, Bankruptcy Judge.

These consolidated matters come before the Court on objections to confirmation filed by certain secured creditors in each of the above Chapter 13 cases. These matters are core proceedings over which the Court has jurisdiction under 28 U.S.C. § 157(b)(2)(L).

The creditors' objections are SUSTAINED, and the cases are continued for Debtors in each case to file a modification of the Chapter 13 plan consistent with the conclusions of law that follow.

### FINDINGS OF FACT

The relevant facts are similar in each of the three cases. Debtors all purchased vehicles for personal use within 910 days before filing a Chapter 13 bankruptcy petition. Creditors with liens on the respective vehicles ("910 Creditors") filed proofs of claim reciting that the vehicle debt ("910 Claim") was 100% secured. No Debtor objected to the proofs of claim or denied that the vehicles were bought for personal use. All the 910 Creditors based their objections to confirmation on 11 U.S.C. § 1325, contending that creditor's holding secured claims must be paid the present value of their claims and that Debtors' Chapter 13 plans ("Plans") do not comply with this provision. Specifically, the facts in each case are as follows.

Debtor Latonya Sharise Brown in case no. 05–21764 bought a used Ford Escort car on November 20, 2003, financing $7,260.00 of the purchase price at 17.25% annual percentage rate. On November 9, 2005, Debtor filed a Chapter 13 bankruptcy case. DaimlerChrysler Services North America, LLC, filed a proof of claim for $5,216.65 for the debt secured by the car, designating the entire amount as a secured claim. Debtor's Plan estimated the claim at $5,341.00, listed the entire amount as a "Fully Secured Allowed Claim," and proposed repayment at 0% interest.

Debtor James Edward Leggett, Jr. in case no. 05–21788 bought a new Chevrolet

Silverado pickup truck on May 11, 2004, financing $31,841,67 of the purchase price at 2.90% annual percentage rate. On November 23, 2005, Debtor filed a Chapter 13 bankruptcy case. General Motors Acceptance Corporation filed a proof of claim for $26,028.85 for the debt secured by the truck, designating the entire amount as a secured claim. Debtor's Plan estimated the claim at $26,004.71, listed the entire amount as a "Fully Secured Allowed Claim," and proposed repayment at 0% interest.

Debtor Robert Clint Poarch in case no. 05–21821 bought a used Chevrolet Silverado pickup truck on July 19, 2004, financing $16,969.34 of the purchase price at 14.95% annual percentage rate. On December 16, 2005, Debtor filed a Chapter 13 bankruptcy case. Nuvell Financial Services Corporation, as servicer for National Auto Finance Company, filed a proof of claim for $15,310.62 for the debt secured by the truck, designating the entire amount as a secured claim. Debtor's Plan estimated the claim at $15,396.00, listed the entire amount as a "Fully Secured Allowed Claim," and proposed repayment at 0% interest.

### CONCLUSIONS OF LAW

■ At issue is the meaning of an unnumbered paragraph added to § 1325 by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"). This amendment provides in relevant part that:

[f]or purposes of [§ 1325(a)(5)], section 506 shall not apply to a claim described in that paragraph if the creditor has a purchase money security interest securing the debt that is the subject of the

claim, the debt was incurred within the 910–day [sic] preceding the date of the filing of the petition, and the collateral for that debt consists of a motor vehicle . . . acquired for the personal use of the debtor.

11 U.S.C. § 1325(a)(*).

Debtors argue that "section 506 shall not apply" means that such claims are not "allowed secured claims" as contemplated by § 1325(a)(5) and thus are not included in the purview of § 1325(a)(5)(B)(ii), which requires that each allowed secured claim must be paid on the basis of present value.[1]

I find Debtors' argument unpersuasive and hold that the unnumbered paragraph in § 1325 does not alter the claims described in the paragraph as secured and does not exempt such claims from the present value requirement in § 1325(a)(5)(B)(ii). I further hold that the unnumbered paragraph means only that the claims it describes cannot be bifurcated into secured and unsecured portions under § 506(a).

### I.

■ 11 U.S.C. § 506(a)(1) provides in relevant part that:

[a]n allowed claim of a creditor secured by a lien on property in which the estate has an interest . . . is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property . . . and is an unsecured claim to the extent that the value of such creditor's interest . . . is less than the amount of such allowed claim.

This provision bifurcates a claim that is undersecured.

---

1. 11 U.S.C. § 1325(a)(5)(B)(ii) provides:

(5) with respect to each allowed secured claim provided for by the plan–

(B)(ii) the value, as of the effective date of the plan of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; . . .

Debtors assert that § 506(a) also defines secured claims. Debtors therefore reason that a secured claim cannot exist except as defined by § 506, and that if § 506 does not apply, the claim cannot be an "allowed secured claim" for the purposes of § 1325(a)(5).

Debtors further argue that if the 910 Claims are not "allowed secured claims," they are not included in the present value provision of § 1325, under which "the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim." 11 U.S.C. § 1325(a)(5)(B)(ii).

However, Debtors misunderstand the purpose and operation of § 506. The United States Supreme Court embraced the view that:

> the words "allowed secured claim" ... need not be read as an indivisible term of art defined by reference to § 506(a), *which by its terms is not a definitional provision.* Rather the words should be read term-by-term to refer to any claim that is, first, allowed, and second, secured.

*Dewsnup v. Timm,* 502 U.S. 410, 415, 112 S.Ct. 773, 776, 116 L.Ed.2d 903, 909 (1992) (construing the relationship between § 506(a) and "allowed secured claim" in § 506(d)).

The *Dewsnup* established relationship between § 506(a) and "allowed secured claim" in § 506(d) also applies to the relationship between § 506(a) and "allowed secured claim" in § 1325(a)(5) permitting bifurcation of an allowed claim under § 506(a) into secured and unsecured portions in contravention of nonbankruptcy law, nothing more.

█ It is neither necessary nor appropriate to contort § 506(a) into a definitional provision. Other Code sections address whether a claim is "allowed" and "secured."

11 U.S.C. § 502 governs whether a claim is deemed allowed. "A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest ... objects." 11 U.S.C. § 502(a). In the consolidated matters before me, no objections were made to the 910 Creditors' proofs of claim. Consequently, the 910 Claims are deemed allowed.

11 U.S.C. § 101 establishes that a debt is "secured" by a lien. *See* § 101(37) ("The term 'lien' means charge against or interest in property *to secure payment of a debt* ....") (emphasis added). In the consolidated matters before me, Debtors do not dispute that the 910 Creditors hold valid liens against Debtors' vehicles securing payment of an underlying debt. Consequently, the 910 Claims are secured.

Because the 910 Claims are "allowed" under § 502 and "secured" by recourse to underlying collateral, they are "allowed secured claim[s]" as contemplated by § 1325(a)(5). The 910 Claims are thus included in the present value requirement of § 1325(a)(5)(B)(ii).

**II.**

Other courts agree that the phrase "section 506 shall not apply" as it is used in the unnumbered paragraph of § 1325 means only that the claims described cannot be bifurcated. *See In re Wright,* 338 B.R. 917, 919–20 (Bankr.M.D.Ala.2006) ("Simply put, the claims of these creditors must be treated as fully secured under the plan."); *In re Horn,* 338 B.R. 110, 113–14 (Bankr. M.D.Ala.2006) ("The current law, however, prevents the application of § 506, that is, the bifurcation of a secured claim into secured and unsecured portions ...."); *In re Robinson,* 338 B.R. 70, 73–74 (Bankr. W.D.Mo.2006) ("[T]he parties here agree

that ... these creditors are entitled to secured claims for the total amount of their claims, regardless of the value of the respective vehicles, and the Debtor cannot bifurcate them."); *In re Johnson,* 337 B.R. 269, 271–73 (Bankr.M.D.N.C.2006) ("The statute simply provides that debtors may not bifurcate the claims ...."). Contra, *In re: Carver,* No. 05–51909–JDW, slip op., (Bankr.S.D.Ga.2005).

■ However, no provision of BAPCPA prohibits the modification of secured creditors' rights under § 1322(b)(2). Consequently, while the 910 Creditors are entitled to fully-secured claims, the applicable interest rate necessary to meet the present value requirement of § 1325(a)(5)(B)(ii) is governed by *Till v. SCS Credit Corp.,* 541 U.S. 465, 124 S.Ct. 1951, 158 L.Ed.2d 787 (2004).

It is therefore ORDERED that the Objection of DaimlerChrysler Financial Services Americas, LLC to Confirmation of Plan in Chapter 13 case No. 05–21764 is sustained. Within thirty (30) days from the date of this order, Debtor Latonya Sharise Brown shall amend her plan to comply with this order.

It is further ORDERED that the Objection to Confirmation by General Motors Acceptance Corporation in Chapter 13 case No. 05–21788 is sustained. Within thirty (30) days from the date of this order, Debtor James Edward Leggett, Jr., shall amend his plan to comply with this order.

It is further ORDERED that the Objection to Confirmation by Nuvell Financial Services Corporation in Chapter 13 case No. 05–21821 is sustained. Within thirty (30) days from the date of this order, Debtor Robert Clinton Poarch shall amend his plan to comply with this order.