# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1726

_____

| | | |
|---|---|---|
| Capital One Auto Finance, | * | |
| | * | |
| Movant – Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | Bankruptcy Appellate Panel |
| | * | for the Eighth Circuit. |
| Nathan L. Osborn and | * | |
| Catherine C. Osborn, | * | |
| | * | |
| Debtors – Appellees. | * | |

_____

Submitted: November 16, 2007
Filed: February 5, 2008

_____

Before WOLLMAN and BENTON, Circuit Judges, and DOTY,[1] District Judge.

_____

BENTON, Circuit Judge.

Nathan L. and Catherine C. Osborn purchased a Chevrolet financed by Capital One. Capital One repossessed it three days before the Osborns filed for Chapter 13 bankruptcy. The Chapter 13 plan proposed that the surrender of the Chevrolet was in full satisfaction of the debt owed to Capital One. Capital One objected to confirmation of the plan, asserting a deficiency claim. The bankruptcy court ruled that the Osborns were permitted under 11 U.S.C. § 1325(a)(5)(C) to surrender the car in

_____

[1] The Honorable David S. Doty, United States District Judge for the District of Minnesota, sitting by designation.

full satisfaction of the debt. The Bankruptcy Appellate Panel affirmed. *In re Osborn,* 363 B.R. 72 (B.A.P. 8th Cir. 2007). Capital One appeals. Having jurisdiction under 28 U.S.C. § 158(d)(1), this court reverses.

## I.

The Osborns bought the vehicle on August 31, 2005, and Capital One immediately perfected its security interest. Eight months later, Capital One repossessed the vehicle because the Osborns had defaulted. Three days after the repossession, the Osborns filed for Chapter 13 bankruptcy. Capital One filed a proof of claim for $20,279.80, the balance due under the contract. The Osborns submitted a Chapter 13 plan, proposing that the Chevrolet be surrendered in lieu of the entire debt. The plan would also pay unsecured creditors 100 percent of their claims.

Capital One objected to confirmation of the plan, asserting an unsecured deficiency claim for the difference between the car's value and the balance due. The bankruptcy court overruled the objection. The court determined that the "hanging paragraph"[2] made 11 U.S.C. § 506 inapplicable to Capital One's claim, and therefore it was fully secured. The court also concluded that 11 U.S.C. § 1325(a)(5)(C) allowed the Osborns to surrender the Chevrolet in full satisfaction of the secured claim. Capital One appealed to the BAP, which affirmed. Upon confirmation of the plan, the stay terminated and the vehicle was sold at auction for $10,800.00. After deducting costs of the sale, Capital One has a deficiency of $9,916.50.

---

[2] The "hanging paragraph" describes the unnumbered paragraph in 11 U.S.C. § 1325, directly following §1325(a)(9). This paragraph was added as a part of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA).

## II.

This case presents the question whether the hanging paragraph eliminates an under-secured creditor's deficiency claim when, in a Chapter 13 plan, the debtors propose to surrender a car purchased within 910 days before filing for bankruptcy. The courts are split on this issue. The majority of bankruptcy courts have ruled that the under-secured creditor has no deficiency claim. *See In re Quick,* 371 B.R. 459, 464 (B.A.P. 10th Cir. 2007); *In re Kenney,* 2007 WL 1412921, at *5 (Bankr. E.D. Va. May 10, 2007) (listing cases following majority position); *In re Ezell,* 338 B.R. 330, 342 (Bankr. E.D. Tenn. 2006). The trend, however, is toward allowing a deficiency claim. *See In re Wright,* 492 F.3d 829, 832 (7th Cir. 2007)*; In re Rodriguez,* 375 B.R. 535, 548-49 (B.A.P. 9th Cir. 2007); *In re Particka,* 355 B.R. 616, 626 (Bankr. E.D. Mich. 2006). *See generally In re Kenney,* 2007 WL 1412921, at *4 (listing cases following minority position).

## A.

A Chapter 13 debtor has three options to deal with allowed secured claims of creditors: (1) obtain the creditor's acceptance of the plan, (2) retain the collateral but make full payment of the creditor's allowed secured claim, or (3) surrender the collateral to the creditor. **11 U.S.C. § 1325(a)(5)**.[3] Before BAPCPA took effect on

---

[3] 11 U.S.C. § 1325(a)(5) states that a court shall confirm a plan if:

> (5) with respect to each allowed secured claim provided for by the plan
> > (A) the holder of such claim has accepted the plan;
> > (B)(i) the plan provides that
> >
> > > (I) the holder of such claim retain the lien securing such claim until the earlier of
> > > > (aa) the payment of the underlying debt determined under nonbankruptcy law; or
> > > > (bb) discharge under section 1328; and
> > > (II) if the case under this chapter is dismissed or converted

October 17, 2005, a Chapter 13 debtor could choose the retention option, yet pay only the present value of the collateral to the creditor, over the life of the plan. *See Assocs. Commercial Corp. v. Rash,* 520 U.S. 953, 957 (1997). The remaining balance of the debt was a general unsecured claim. *See In re Fleming,* 339 B.R. 716, 722 (Bankr. E.D. Mo. 2006). This option, a "cram down," could be done over the creditor's objection. *See Till v. SCS Credit Corp.,* 541 U.S. 465, 468-69 (2004). Cram down resulted because § 1325(a)(5)(B) allows a debtor to keep the collateral, so long as the creditor receives "not less than the allowed amount of such [allowed secured] claim." *See* **11 U.S.C. § 1325(a)(5)(B) (1998)**. This amount was determined by reference to § 506, which created a secured claim for the value of the collateral, and an unsecured claim for any remainder. *See* **11 U.S.C. § 506(a)(1998)**.[4]

> without completion of the plan, such lien shall also be retained by such holder to the extent recognized by applicable nonbankruptcy law;
>
> (ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; and
>
> (iii) if
>
>> (I) property to be distributed pursuant to this subsection is in the form of periodic payment, such payment shall be in equal monthly amounts; and
>>
>> (II) the holder of the claim is secured by personal property, the amount of such payments shall not be less than an amount sufficient to provide to the holder of such claim adequate protection during the period of the plan; or
>
> (C) the debtor surrenders the property securing such claim to such holder.

[4] Section 506(a)(1), which was not altered by BAPCPA, states:

> An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 if this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest

BAPCPA eliminated the cram down option for cars purchased less than 910 days before the Chapter 13 bankruptcy, by adding the hanging paragraph at the end of § 1325(a)(9):

> For purposes of paragraph (5), section 506 shall not apply to a claim described in that paragraph if the creditor has a purchase money security interest securing the debt that is the subject of the claim, the debt was incurred within the 910-day [sic] preceding the date of the filing of the petition, and the collateral for that debt consists of a motor vehicle (as defined in section 30102 of title 49) acquired for the personal use of the debtor, or if collateral for that debt consists of any other thing of value, if the debt was incurred during the 1-year period preceding that filing.

Post-BAPCPA, the hanging paragraph prohibits application of § 506(a) to 901-claims. *See, e.g., **In re Scruggs,*** 342 B.R. 571, 574 (Bankr. E.D. Ark. 2006). Therefore, the creditor's claim is considered secured, and if the debtors choose to retain the vehicle, they are liable for the entire amount of the debt according to § 1325(a)(5)(B)(ii). *See **id.*** at 573-75 (a claim is an "allowed secured claim" for purposes of § 1325(a)(5) because it is secured under state law, not by authority of § 506).

The issue here is the effect of the hanging paragraph when the debtor surrenders a 910-car. The majority position is: since § 506(a) does not apply, the entire claim is secured, and therefore, under § 1325(a)(5)(C), the surrender of the vehicle fully

---

> in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

satisfies the claim. *See, e.g., **In re Osborn,*** 363 B.R. at 78. The minority position is: because § 506(a) does not apply, state law applies, and the surrender does not fully satisfy the claim. *See, e.g., **In re Wright,*** 492 F.3d at 832.[5]

B.

In an appeal from the BAP, this court sits as a second court of review, reviewing findings of fact for clear error and conclusions of law de novo. *See **In re Hixon,*** 387 F.3d 695, 700 (8th Cir. 2004). As the facts of this case are undisputed, the BAP's ruling is reviewed de novo.

By the plain language of the hanging paragraph, § 506 does not apply to a 910-claim. Therefore, as with the retention option, the claim is considered secured because it is secured according to state law. *See **Butner v. United States,*** 440 U.S. 48, 55 (1979) ("Property interests are created and defined by state law."); ***In re Murray,*** 346 B.R. 237, 243 (Bankr. M.D. Ga. 2006) ("Whether that claim is *secured* is a matter of contract and applicable perfection statutes."), *citing **Dewsnup v. Timm,*** 502 U.S. 410, 415-17 (1992) (adopting the argument that § 506(a) is not a definitional provision).

---

[5] Some courts in the minority reason that § 506 did not apply to the surrender option pre-BAPCPA, and thus, the hanging paragraph has no effect on the surrender option post-BAPCPA. *See, e.g., **In re Rodriguez,*** 375 B.R. at 543-45 (section 506(a) has never applied to the surrender option, because § 506(a) only applies to property "in which the estate has an interest," and the estate does not have an interest after the property is surrendered). As the Supreme Court has implicitly recognized, however, § 506(a) did apply to surrender pre-BAPCPA. *See **Rash,*** 520 U.S. at 962-63 ("The 'disposition or use' of the collateral [clause of § 506(a)] thus turns on the alternative the debtor chooses – in one case the collateral will be surrendered to the creditor, and in the other, the collateral will be retained and used by the debtor.").

-6-

The Osborns, adopting the majority position, contend that because the claim is fully secured, they may surrender the vehicle in full satisfaction of the claim. This essentially turns a recourse loan into a non-recourse loan, to the benefit of unsecured creditors. *See **In re Wright***, 492 F.3d at 830. The majority position is not correct, however, because "nothing in § 1325(a)(5) says that [the] 'allowed secured claim' is satisfied by the debtor choosing the surrender option in subparagraph (C)." ***In re Hoffman***, 359 B.R. 163, 166 (Bankr. E.D. Mich. 2006). Unlike the retention option in § 1325(a)(5)(B), the surrender option in § 1325(a)(5)(C) does not speak to satisfaction of a claim. Section 1325(a)(5)(C) states that if the debtor chooses to surrender the vehicle, the plan should be confirmed – even if the creditor does not prefer the surrender option. "Unambiguously, it means nothing more than this." ***In re Hoffman***, 359 B.R. at 166.

The Osborns invoke the core rationale of the majority position: "If a 910-claim is fully secured under Section 1325(a)(5)(B)(ii) and bifurcation is prohibited, as the majority of courts have thus far held, there is no logic in saying that a 910-claim may still be bifurcated if the debtor chooses instead to surrender the collateral pursuant to Section 1325(a)(5)(C)." *See **AmeriCredit Fin. Servs., Inc. v. Moore***, 363 B.R. 91, 94 (Bankr. W.D. Ark. 2006). This assumes that the bankruptcy code prohibits bifurcation. This is not true; the hanging paragraph simply removes the bankruptcy code's method of bifurcation. The hanging paragraph has no effect on state-law rights. Moreover, retention and surrender are treated differently in the bankruptcy code. *Compare* **11 U.S.C. §§ 1325(a)(5)(B)(ii)** (requiring full payment of the secured claim when the debtor retains the collateral), *with* **1325(a)(5)(C)** (not discussing payment requirements when the debtor surrenders the collateral).

The contract here gave Capital One the right to repossess the vehicle, sell it, and apply the proceeds (minus reasonable sales expenses) to the debt owed. The contract further allows Capital One to "sue [the debtors] for additional amounts if the proceeds of the sale do not pay all of the amounts [the debtors] owe us." In Missouri, an

-7-

unsecured deficiency judgement is allowed when the creditor complies with Missouri law governing disposition of collateral after default.  *See Reno Fin., Ltd. v. Valleroy,* 229 S.W. 3d 622, 624 (Mo. Ct. App. 2007); **Mo. Rev. Stat. § 400.9-615**.  As nothing in § 502[6] or § 1325 denies a creditor an unsecured deficiency claim, Capital One is entitled to one.  *See Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co.,* 127 S.Ct. 1199, 1206 (2007) ("[W]e generally presume that claims enforceable under applicable state law will be allowed in bankruptcy unless they are expressly disallowed."); *In re Wright,* 492 F.3d at 832-33.

The Osborns argue that Capital One's state law right to a deficiency judgment may be eliminated because 11 U.S.C. § 1322(b)(2) allows a Chapter 13 plan to "modify the rights of holders of secured claims."  *See* **11 U.S.C. § 1322(b)(2)**. Section 1322(b)(2) does allow bankruptcy courts to modify  "the number, timing, or amount of the installment payments from those set forth in the debtor's original contract." *See Till,* 541 U.S. at 475.  However, because no bankruptcy provision bars a creditor's state-law right to a deficiency claim, it is unnecessary to consider whether § 1322(b)(2) would allow a court to eliminate that claim.

Because state law gives Capital One a right to an unsecured deficiency judgment, on the record here, it entitled to an unsecured deficiency claim in the amount of  $9,916.50.

---

[6] Section 502 provides that a claim is allowed unless it is: (1) unenforceable by agreement or law; (2) for unmatured interest; (3) for tax assessed against property of the estate, exceeding the interest of the estate in the property; (4) for services of an insider or attorney, exceeding the reasonable value of the services; (5) for unmatured debt excepted from discharge; (6) the claim of a lessor, for damages resulting from the termination of a lease of real property (and meets other conditions); (7) the claim of an employee for damages resulting from termination of an employment contract (and meets other conditions); (8) from a reduction, due to late payment, in the amount of an otherwise applicable credit in connection with income tax; or (9) untimely.  **11 U.S.C. § 502(b)**.

## III.

The judgments of the bankruptcy appellate panel and the bankruptcy court are reversed, and the case is remanded to the bankruptcy court for further proceedings in accordance with this opinion.