# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1315

_____

| | | |
|---|---|---|
| AmeriCredit Financial Services, Inc., | * | |
| | * | |
| | * | |
| Movant – Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | Bankruptcy Court for the Western |
| | * | District of Arkansas. |
| Larry James Moore, Tabitha Y. Moore, | * | |
| | * | |
| | * | |
| Debtors – Appellees, | * | |
| | * | |
| and Joyce Babin, | * | |
| | * | |
| Trustee – Appellee. | * | |
| | * | |

_____

Submitted: November 16, 2007
Filed: February 5, 2008

_____

Before WOLLMAN and BENTON, Circuit Judges, and DOTY,[1] District Judge.

_____

BENTON, Circuit Judge.

_____

[1] The Honorable David S. Doty, United States District Judge for the District of Minnesota, sitting by designation.

On August 26, 2005, Larry J. and Tabitha Y. Moore purchased a Cadillac financed by AmeriCredit. The Moores filed for Chapter 13 bankruptcy. They proposed to surrender their Cadillac (a 910-car), allowing AmeriCredit a general unsecured claim for any deficiency after its sale. The Trustee objected to confirmation, due to the deficiency claim. The Moores amended the plan, proposing to surrender the Cadillac in full satisfaction of the claim. AmeriCredit objected to confirmation of the amended plan, seeking full payment of the debt. The parties stipulated that AmeriCredit holds a properly perfected security interest in the Cadillac in the amount of $15,304.89, and that the estimated value of the car was $9,350.00 retail and $7,300.00 trade-in. The bankruptcy court overruled AmeriCredit's objection and confirmed the plan, reasoning: "If a 910-claim is fully secured under Section 1325(a)(5)(B)(ii) and bifurcation is prohibited, as the majority of courts have thus far held, there is no logic in saying that a 910-claim may still be bifurcated if the debtor chooses instead to surrender the collateral pursuant to section 1325(a)(5)(C)." AmeriCredit appeals. Having jurisdiction under 28 U.S.C. § 158(d)(2), this court reverses.

As the facts of this case are undisputed, this court reviews the bankruptcy court's legal conclusions de novo. *See **In re Zepecki,*** 277 F.3d 1041, 1045 (8th Cir. 2002)

The issue here, whether the "hanging paragraph"[2] eliminates an under-secured creditor's deficiency claim when a Chapter 13 debtor proposes to surrender a 910-car, was decided today in *Capital One Auto Finance v. Osborn,* ____ F.3d ___ (8th Cir. 2008), No. 07-1726, slip op. (8th Cir. Feb. 5, 2008). In *Osborn*, this court ruled that the hanging paragraph makes § 506(a) inapplicable to 910-claims. ***Osborn,*** ___ F.3d

---

[2] The "hanging paragraph" is a term used to describe the unnumbered paragraph in 11 U.S.C. § 1325, directly following §1325(a)(9). This paragraph was added as a part of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005.

at \_\_\_, slip op. at 6. The 910-claim is still an "allowed secured claim" because it is secured under state law. *Id.* at \_\_\_, slip op. at 6. As nothing in 1325(a)(5)(C) states that a claim is considered paid in full when the debtor surrenders the vehicle, the creditor is entitled to an unsecured deficiency claim if there is a right to a deficiency judgment under state law. *Id.* at \_\_\_, slip op. at 7.

AmeriCredit contends that, since their claim is fully secured, they are entitled to full payment of the debt. AmeriCredit is not entitled to full payment of its claim however, because once it sells the vehicle, and applies the proceeds to the claim, the remaining claim is not secured under state law, it is unsecured. *See **In re Hoffman,*** 359 B.R.163, 166 (Bankr. E.D. Mich. 2006) ("[O]nce the secured creditor liquidates its collateral and applies the proceeds to the debt, any remaining debt is not secured by any existing collateral."). Therefore, the deficiency claim is a general unsecured claim. *See **Raleigh v. Ill. Dept. of Revenue,*** 530 U.S. 15, 20 (2000) ("Creditors' entitlements in bankruptcy arise in the first instance from the underlying substantive law creating the debtor's obligation."); ***In re Wright,*** 492 F.3d 829, 832-33 (7th Cir. 2007).

The security agreement between AmeriCredit and the Moores gives AmeriCredit the right to repossess and sell the vehicle in case of default. The contract further provides that "if the money from the sale is not enough to pay all you owe, you must pay the rest of what you owe plus interest." Arkansas law allows AmeriCredit a deficiency judgment. *See **First State Bank of Morrilton v. Hallett,*** 722 S.W. 2d 555, 556 (Ark. 1987); **Ark. Code Ann. § 4-9-615(d)(2)**. Therefore, AmeriCredit is entitled to an unsecured deficiency claim in the amount of the difference between the debt owed at the time of filing and the amount received from liquidation (minus reasonable sales expenses).

The judgment of the bankruptcy court is reversed, and the case is remanded for further proceedings in accordance with this opinion.

_____