*299 COX, District Judge,
concurrence in judgment.
I write separately because while I concur in the result, that the bankruptcy court’s ruling should be reversed and remanded, I do not concur in the reasoning.
I do not agree with the lead opinion’s holding that the “literal interpretation of [11 U.S.C. § 1325 and 11 U.S.C. § 506] would create an unintended and illogical result.” Further, I do not find a “gap” in the law that must be filled by the courts. Finally, I am not aware of any legislative history that unequivocally supports the construction of a judge-made national rule allowing deficiency claims following surrender of collateral pursuant to 11 U.S.C. § 1325(a)(5)(C), as the lead opinion appears to hold.
The issue in this case is whether, in light of the “hanging paragraph,” surrender of collateral in accordance with § 1325(a)(5)(C) is in full satisfaction of the debt, or if the creditor may pursue a claim for a deficiency. An analysis of the meaning of a statute begins with the language of the statute itself. In re Palmer, 219 F.3d 580, 583 (6th Cir.2000) (citing United States v. Ron Pair Enterprises, Inc., 489 U.S. 235, 241, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989)). “If the language of the statute is clear, this court’s inquiry is at an end: “where ... the statute’s language is plain, the sole function of the courts is to enforce it according to its terms.’ ” Id. (citation omitted). “Only in those rare instances in which ‘the literal application of a statute will produce a result demonstrably at odds with the intentions of the drafters or when the statutory language is ambiguous’ will we look beyond the statute’s plain wording to divine the intent of its drafters.” Id. (citation omitted).
Here, the so-called hanging paragraph of § 1325(a) is not ambiguous. Under its clear terms, for purposes of § 1325(a)(5), § 506 does not apply to claims falling within the definition set forth in the hanging paragraph, otherwise referred to as 910 claims. Section 1325(a)(5) provides that a plan can be confirmed if allowed secured claims are treated in one of three ways: (A) the holder of the allowed secured claim accepted the plan; (B) the debtor retains the collateral and pays the claim in full; or (C) the debtor surrenders the collateral. The hanging paragraph provides that:
For purposes of paragraph (5), section 506 shall not apply to a claim described in that paragraph if the creditor has a purchase money security interest securing the debt that is the subject of the claim, the debt was incurred within the 910-day preceding the date of the filing of the petition, and the collateral for that debt consists of a motor vehicle ... acquired for the personal use of the debtor, or if collateral for that debt consists of any other thing of value, if the debt was incurred during the 1-year period preceding that filing.
11 U.S.C. § 1325(a). The function of the hanging paragraph is to prevent the bifurcation of 910 claims allowed under 11 U.S.C. § 506(a). Section 506(a)(1) provides:
(a)(1) An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor’s interest in the estate’s interest in such property, or to the extent of the amount subject to set-off, as the case may be, and is an unsecured claim to the extent that the value of such creditor’s interest or the amount so subject to setoff is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such proper *300 ty, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor’s interest.
Like the bankruptcy court and the dissent in this case, the majority of courts deciding the issue of the effect of the hanging paragraph hold that there is no deficiency claim because § 506 does not apply to bifurcate the claim. See In re Ezell, 338 B.R. 330 (Bankr.E.D.Tenn. 2006); In re Quick, 371 B.R. 459 (10th Cir.BAP2007). The majority position that deficiency claims are no longer allowed for 910 claims by virtue of the hanging paragraph’s elimination of § 506 effectively renders 910 secured loans non-recourse, without regard to the contractual terms.
This argument fails because § 506 is not the source for a deficiency claim when collateral is surrendered. Section 506 is not applicable to surrender of collateral because once the collateral is surrendered, the estate no longer has an interest in the property. The property is returned to the creditor, who is free to foreclose upon the security interest and seek a deficiency pursuant to its contractual entitlements. This is the holding of In re Particka, 355 B.R. 616 (Bankr. E.D.Mich. 2006), which I find persuasive. As has been held by several courts, including both of the other Circuit courts to rule on the issue, the inapplicability of § 506 to § 1325(a)(5)(C), by virtue of the hanging paragraph, does not effect a change in a creditor’s ability to seek a deficiency because at surrender, the parties are left to their contractual entitlements under state law. See Capital One Auto Finance v. Osborn, 515 F.3d 817 (8th Cir.2008); In re Wright, 492 F.3d 829, 832 (7th Cir.2007); and In re Rodriguez, 375 B.R. 535, 544 (9th Cir.BAP2007).
This is also consistent with the Supreme Court’s holding in Butner v. United States, 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979). The Wright court relied on Butner for the proposition that “state law determines rights and obligations when the [Bankruptcy] Code does not supply a federal rule.” Wright, 492 F.3d at 832. The Supreme Court held that “[p]roperty interests are created and defined by state law ... [u]nless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding.” Butner, 440 U.S. at 55, 99 S.Ct. 914. Further, “[t]he justifications for application of state law are not limited to ownership interests; they apply with equal force to security interests ...” Id. See also In re Terwilliger’s Catering Plus, Inc., 911 F.2d 1168, 1172 (6th Cir.1990)(“the nature and extent of the debtor’s interest are determined by state law”); In re Indian River Estates, Inc., 293 B.R. 429, 437 (Bankr.N.D.Ohio 2003)(“it is state law, not federal which controls the debtor’s interest in property”).
The cases cited support the proposition that state law applies in the absence of a contrary federal bankruptcy statute and do not support the lead opinion’s conclusion that whether a deficiency judgment is allowed should be determined by a “uniform national rule.” A uniform national rule as urged by the lead opinion would allow a creditor to seek a deficiency following foreclosure without regard to whether the contract at issue was non-recourse under state law. There is no indication that this was the intent of Congress when it enacted the BAPCPA.
Surrender of collateral pursuant to § 1325(a)(5)(C) does not implicate § 506. Further, nothing in the Bankruptcy Code prohibits a deficiency claim under state law following surrender of collateral pursuant to § 1325(a)(5)(C). Accordingly, I would hold that a creditor has a right to an allowed unsecured deficiency claim under *301 § 502, to the extent the contractual entitlements and state law allow a deficiency claim. See Particka, 355 B.R. at 624.